ROBERT S. GUTIERREZ (State Bar No. 143223)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
E-Mail: rgutierrez@lpsla.com

Attorneys for Defendant
ZUMOBI, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ENGAGE:BDR, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ZUMOBI, INC., a Delaware corporation,<br><br>Defendants. | **CASE NO. 2:17-cv-06064-PA (AFMx)**<br><br>**ANSWER BY DEFENDANT ZUMOBI, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Complaint Filed:** August 15, 2017<br>**First Amended Complaint Filed:** August 29, 2017 |

Defendant Zumobi, Inc. ("Defendant") hereby responds to the First Amended Complaint of Plaintiff Engage:BDR, LLC as follows:

## Parties

1. Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 1.

2. Defendant admits each allegation contained in Paragraph 2.

## Jurisdiction

3. Defendant admits that Plaintiff purports to allege jurisdiction under 28 U.S.C. § 1332.

4. Defendant admits that Plaintiff purports to allege jurisdiction under 28 U.S.C. § 1332.

## Venue

5. Defendant admits that Plaintiff purports to allege venue under 28 U.S.C. § 1391(b).

## Statement of Facts

6. Answering Paragraph 6, Defendant admits that the First Amended Complaint refers to Plaintiff as "Media Company."

7. Answering Paragraph 7, Defendant admits that the First Amended Complaint refers to Defendant as "Advertiser" or "Agency."

8. Answering Paragraph 8, Defendant admits that Plaintiff and Defendant signed an Insertion Order, a copy of which is attached to the First Amended Complaint as Exhibit A.

9. Answering Paragraph 9, Defendant admits that attached to Plaintiff's First Amended Complaint as Exhibit B is a document entitled Standard Terms and Conditions For Internet Advertising For Media Buys One Year Or Less, but denies that Exhibit B states that it is incorporated in the Insertion Order by reference.

10. Defendant admits each allegation contained in the first sentence of Paragraph 10. Defendant denies each allegation contained in the second sentence of

Paragraph 10.

11. Defendant denies each allegation contained in Paragraph 11.

12. Defendant denies each allegation contained in Paragraph 12.

13. Defendant denies each allegation contained in Paragraph 13.

14. Defendant denies each allegation contained in Paragraph 14.

15. Defendant denies each allegation contained in the first sentence of Paragraph 15. Defendant admits each allegation contained in the second sentence of Paragraph 15.

16. Defendant admits each allegation contained in the first sentence of Paragraph 16. Defendant denies that it owes Plaintiff the sum of $356,740.99, plus interest thereon.

17. Defendant admits that it has not paid Plaintiff the sum of $356,740.99 and denies that it owes said sum to Plaintiff.

## Count I

### Breach of Contract

18. Answering Paragraph 18, Defendant realleges and incorporates by this reference each admission, allegation and denial made herein with respect to Paragraphs 1 through 17, inclusive, of the First Amended Complaint.

19. Defendant denies each allegation contained in Paragraph 19.

20. Defendant denies each allegation contained in Paragraph 20.

21. Defendant denies each allegation contained in Paragraph 21.

22. Defendant denies each allegation contained in Paragraph 22.

23. Defendant denies each allegation contained in Paragraph 23, and denies that it owes the sum of $356,740.99 to Plaintiff.

24. Defendant admits each allegation contained in Paragraph 24.

25. Answering Paragraph 25, Defendant denies that it owes Plaintiff the sum of $356,740.99, and admits that it has not paid said sum to Plaintiff.

26. Answering Paragraph 26, Defendant denies that it owes Plaintiff the sum

of $356,740.99, and admits that it has not paid said sum to Plaintiff.

27.   Defendant denies each allegation contained in Paragraph 27.

28.   Defendant denies each allegation contained in Paragraph 28, and denies that it has breached the alleged contract.

## Count II

### Unjust Enrichment

29.   Answering Paragraph 29, Defendant realleges and incorporates by this reference each admission, allegation and denial made herein with respect to Paragraphs 1 through 17, and Paragraphs 19 through 28, inclusive, of the First Amended Complaint.

30.   Defendant denies each allegation contained in Paragraph 30, and denies that it engaged in wrongful acts.

31.   Defendant denies each allegation contained in Paragraph 31, and denies that Defendant was unjustly enriched.

32.   Defendant denies each allegation contained in Paragraph 32.

33.   Defendant denies each allegation contained in Paragraph 33.

34.   Defendant denies each allegation contained in Paragraph 34, and denies that Defendant was unjustly enriched.

35.   Defendant denies each allegation contained in Paragraph 35, and denies that Defendant was unjustly enriched.

## Count III

### Quantum Meruit

36.   Answering Paragraph 36, Defendant realleges and incorporates by this reference each admission, allegation and denial made herein with respect to Paragraphs 1 through 17, Paragraphs 19 through 28, and Paragraphs 30 through 35, inclusive, of the First Amended Complaint.

37.   Defendant admits each allegation contained in Paragraph 37, but denies that Plaintiff fulfilled its obligations under the alleged contract.

38. Defendant denies each allegation contained in Paragraph 38.

39. Defendant denies each allegation contained in Paragraph 39.

40. Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 40, and denies that Defendant agreed to pay Plaintiff if Plaintiff failed to fulfill its obligations under the alleged contract.

41. Answering Paragraph 41, Defendant denies that it owes Plaintiff the sum of $356,740.99, and admits that it has not paid said sum to Plaintiff.

42. Defendant denies each allegation contained in Paragraph 42.

43. Defendant denies each allegation contained in Paragraph 43.

## AFFIRMATIVE DEFENSES

Defendant sets forth the following affirmative defenses without admitting that it has the burden of presentation or of proof with regard to these matters.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

44. The First Amended Complaint fails to state a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Failure of Consideration)

45. Plaintiff is barred from claiming or recovering any relief against Defendant on the First Amended Complaint on the grounds of failure of consideration.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

46. Plaintiff's claims against Defendant are barred in whole or in part because Plaintiff has unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

47. Plaintiff is barred from claiming or recovering any relief against Defendant on the First Amended Complaint because Plaintiff failed to exercise

reasonable care and diligence to mitigate any alleged damages.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

48. Plaintiff's claims against Defendant are barred in whole or in part by the doctrines of waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Set Off)

49. To the extent that Defendant may become liable to Plaintiff by virtue of the First Amended Complaint herein, which liability is specifically and generally denied, Defendant is entitled to a set-off against Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prevention of Performance)

50. Plaintiff is barred from claiming or recovering any relief against Defendant on the First Amended Complaint on the grounds that Plaintiff prevented Defendant from performing certain duties or obligations set forth in the contract.

## EIGHTH AFFIRMATIVE DEFENSE
### (Third Party Causation)

51. Plaintiff's claims against Defendant are barred in whole or in part because the harm allegedly suffered by Plaintiff, if any, was caused by factors, persons, or entities other than Defendant.

## NINTH AFFIRMATIVE DEFENSE
### (Breach by Plaintiff)

52. Plaintiff is barred from claiming or recovering any relief against Defendant on the First Amended Complaint on the grounds that Plaintiff breached the contract with Defendant and, by reason of that breach, Defendant has been excused from performing any duties or obligations set forth in the contract.

///

## TENTH AFFIRMATIVE DEFENSE

**(Conditions Precedent, Conditions Concurrent and Conditions Subsequent)**

53. Plaintiff's claims against Defendant are barred in whole or in part on the grounds that performance was excused by reason of the failure of conditions precedent, conditions concurrent and conditions subsequent.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Impossible/Impracticable)**

54. Defendant was excused from performing obligations alleged in the First Amended Complaint because Plaintiff's acts and omissions rendered Defendant's performance impossible or impracticable.

## TWELFTH AFFIRMATIVE DEFENSE

**(Frustration of Purpose)**

55. Plaintiff's claims against Defendant are barred in whole or in part on the grounds that Defendant's performance was frustrated by conditions beyond Defendant's control.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Reservation)**

56. Defendant reserves the right to assert any additional affirmative defenses that may become apparent during the course of the litigation.

WHEREFORE, Defendant prays for relief as follows:

(1) That the First Amended Complaint be dismissed with prejudice, and that Plaintiff take nothing from Defendant herein;

(2) That Defendant be awarded its costs of suit incurred in defense of this action;

///

(3) For such other and further relief as the Court may deem just and proper.

DATED: September 14, 2017        /s/ Robert S. Gutierrez
ROBERT S. GUTIERREZ
LEOPOLD, PETRICH & SMITH, P.C.
Attorneys for Defendant
ZUMOBI, INC.