Thad M. Scroggins, Esq., SBN 299453
**THE LAW OFFICE OF THAD M. SCROGGINS**
8526 Village Ln.
Rosemead, CA 91770
(323) 365-4542
thad@scrogginsesq.com

Allan Samuels (admitted pro hac vice on September 13, 2017 by the Honorable Percy Anderson)
**LAW OFFICES OF ALLAN SAMUELS & ASSOCIATES, P.A.**
150 E. Palmetto Park Road, Suite 800
Boca Raton, FL 33432
(561) 465-7570
allansamuels.lawassociates@gmail.com

Attorneys for Plaintiff ENGAGE:BDR, LLC, a California limited liability company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENGAGE:BDR, LLC, a California limited liability company; <br><br>                    Plaintiff, <br> v. <br><br> ZUMOBI, INC., a Delaware corporation; <br><br>                    Defendant. | Case No. CV 17-6064 PA (AFMx) <br><br> **SECOND AMENDED COMPLAINT FOR:** <br><br> (1)   Breach of Contract; <br> (2)   Unjust Enrichment; <br> (3)   Quantum Meruit <br><br><br> **DEMAND FOR JURY TRIAL** |

     Plaintiff ENGAGE:BDR, LLC (hereinafter referred to as "Engage" or "Media Company") by its attorneys, Thad M. Scroggins and Allan Samuels, alleges as in for its complaint against Defendant ZUMOBI, INC. (hereinafter referred to as "Zumobi" or "Advertiser" or "Agency") as follows:

### Parties

     1.     Plaintiff ENGAGE is a California limited liability company with its principal place of business located at 9000 Sunset Blvd., 5th floor, West Hollywood, California 90069.

     2.     Defendant ZUMOBI is a Delaware corporation, engaged in interstate business, with its principal place of business located at 1525 4th Avenue, Suite 800, Seattle, Washington 98101.

**Jurisdiction**

3.      This Court has jurisdiction under 28 U.S.C. § 1332 as the matter in controversy is between citizens of different states. Plaintiff ENGAGE is a California limited liability company that consists of the following members:

        A)      Engage BDR Holdings, Inc., a California corporation with its principal place of business located at 9000 Sunset Blvd., 5th floor, West Hollywood, California 90069;

        B)      Abdulaziz Alrajhi, an individual citizen of Saudi Arabia;

        C)      BODO LLC, a Wyoming LLC with its principal place of business located at 30724 Benton Rd Ste C302 #594, Winchester, CA 92596 and its sole member, Driss Ouzzani, an individual citizen of Morocco;

        D)      Neston Properties Ltd., which is incorporated in the British Virgin Islands with its principal place of business located in the British Virgin Islands. A certificate of incorporation of Neston Properties Ltd. is attached hereto and made part hereof this complaint and labeled Exhibit A.

        E)      David Cure, a citizen and resident of the state of California; and

        F)      Ted Dhanik, a citizen and resident of the state of California.

4.      Defendant ZUMOBI is a Delaware corporation, engaged in interstate business, with its principal place of business located at 1525 4th Avenue, Suite 800, Seattle, Washington 98101.

5.      This Court has jurisdiction under 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

**Venue**

6.      Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events that the claims are based upon occurred in this Court's district.

**Statement of Facts**

7.      Engage is hereinafter referred to as the "Media Company".

8.      Zumobi is hereinafter referred to as the "Advertiser" or "Agency".

9.      Engage, as the Media Company, and Zumobi, as the Advertiser, executed an Insertion Order on November 10, 2016. Attached hereto as Exhibit B is a true and correct copy of the executed Insertion Order ("Agreement").

10.     Attached hereto as <u>Exhibit C</u> is a true and correct copy of the STANDARD TERMS AND CONDITIONS FOR INTERNET ADVERTISING FOR MEDIA BUYS ONE YEAR OR LESS ("Agreement"), which is incorporated in the Insertion Order by reference.

11.     Pursuant to the aforesaid Agreement, Engage was required to render services or deliverables to Zumobi; specifically, to deliver advertisements on websites for the benefit of Zumobi. The types, amounts, and prices for such services which hereinafter are referred to as deliverables are stated on page 1 of the aforesaid Agreement.

12.     Pursuant to the aforesaid Agreement, Zumobi was obligated to pay Engage an agreed sum of money for the aforesaid deliverables received by Zumobi from Engage.

13.     Zumobi was solely liable to Engage for the agreed sums of money for the deliverables received by Zumobi from Engage.

14.     Engage has fulfilled all of its obligations pursuant to the aforesaid Agreement.

15.     Zumobi has not fulfilled its obligations pursuant to the aforesaid Agreement because it has not paid to Engage the sum of $356,740.99, which sum is currently due and owing from Zumobi to Engage.

16.     Plaintiff provided Defendant with an invoice detailing the charges for the services provided to Defendant. Attached hereto as <u>Exhibit D</u> is a true and correct copy of the invoice provided by Plaintiff to Defendant.

17.     Plaintiff has made demands upon Defendant for payment in the amount of $356,740.99. Defendant has refused to make such payment.

18.     No part of said sum has been paid, and there is now due, owing and unpaid from Defendant to Plaintiff the sum of $356,740.99, plus interest thereon at the maximum rate allowed by law and court costs.

### **Count I**

### **Breach of Contract**

19.     Plaintiff re-alleges and incorporates herein by this reference, each and every allegation contained in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

20.     Engage and Zumobi entered into an Agreement on November 10, 2016 wherein Engage was to deliver advertisements on websites for the benefit of Zumobi and Zumobi was to pay an agreed sum of money for such deliverables. See Exhibit B and Exhibit C.

21.     Plaintiff fully performed all of its obligations pursuant to the aforesaid Agreement.

22.     Plaintiff provided Defendant with an invoice detailing the charges for the services provided to Defendant. See Exhibit D.

23.     Zumobi did not fulfill its obligation to Engage pursuant to the terms of the aforesaid Agreement.

24.     Zumobi breached the aforesaid Agreement by failing to pay the agreed amounts due to Engage from Zumobi.

25.     Plaintiff has made demands upon Defendant for payment in the amount of $356,740.99.

26.     Defendant has refused to make such payment.

27.     No part of said sum has been paid by Zumobi to Engage.

28.     There is now due, owing and unpaid from Defendant to Plaintiff the sum of $356,740.99, plus interest thereon at the maximum rate allowed by law and court costs.

29.     As a result of Zumobi's breach of the Agreement, Engage has suffered damages in an amount no less than of $356,740.99.

## Count II

### Unjust Enrichment

30.     Plaintiff re-alleges and incorporates herein by this reference, each and every allegation contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

31.     By its wrongful acts, Defendant was unjustly enriched at the expense of and to the detriment of Plaintiff.

32.     Such unjust enrichment includes, but is not limited to, the agreed value of Plaintiff's services in the amount of $356,740.99.

33.     As alleged herein, Plaintiff suffered harm as a result of Defendants' actions by Defendant obtaining economic benefits from deliverables received by the Defendant from Plaintiff and Defendant failing to pay Plaintiff for the agreed sums of money for such deliverables.

34. Defendant's retention of these benefits at the expense of Plaintiff is unjust.

35. Defendant is under an obligation to pay Plaintiff, forthwith, the entire amount by which defendant has been unjustly enriched.

36. As a direct and proximate result of the allegations above, Defendant has been unjustly enriched at the expense of Plaintiff in an amount no less than $356,740.99.

## Count III

### Quantum Meruit

37. Plaintiff re-alleges and incorporates herein by this reference, each and every allegation contained in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

38. Engage rendered services at the special instance and request of Zumobi.

39. Zumobi agreed to pay an agreed sum of money to Engage for those services.

40. Engage provided the services Zumobi requested.

41. Engage provided the aforesaid services in reliance upon Zumobi's promises to compensate Engage for an agreed sum of money for such services.

42. Zumobi has refused to make payment to Engage for such services.

43. The reasonable and agreed value of the services provided to Defendant by Plaintiff is a sum no less than $356,740.99.

44. Accordingly, Zumobi is obligated to pay Engage the sum of no less than $356,740.99, plus interest thereon at the maximum rate allowed by law and court costs.

### Request for Relief

WHEREFORE, the Plaintiff prays for judgment against Defendant as follows:

1. On Plaintiffs first cause of action for breach of contract in an amount no less than $356,740.99;

2. On Plaintiffs second cause of action for unjust enrichment in an amount no less than $356,740.99;

3. On Plaintiffs third cause of action for quantum meruit in an amount no less than $356,740.99;

4. For the costs of suit incurred herein;

5.      For Pre- and Post-Judgment Interest as allowed by law;

6.      For such other and further relief as the court deems just and proper.

**Demand for Jury Trial**

7.      Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated:  November 2, 2017              **THE LAW OFFICE OF THAD M. SCROGGINS**


By: _/s/ Thad M. Scroggins_
Thad M. Scroggins, Esq.
Attorney for Plaintiff ENGAGE:BDR, LLC


**LAW OFFICES OF ALLAN SAMUELS & ASSOCIATES, P.A.**


By: _/s/ Allan Samuels_
Allan Samuels, Esq.
Attorney for Plaintiff ENGAGE:BDR, LLC


**Attestation Regarding Signatures**

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.


Dated:  November 2, 2017

By: _/s/ Thad M. Scroggins_
Thad M. Scroggins, Esq.