1  ROBERT S. GUTIERREZ (State Bar No. 143223)
   LEOPOLD, PETRICH & SMITH, P.C.
2  2049 Century Park East, Suite 3110
   Los Angeles, California 90067-3274
3  Tel: (310) 277-3333 • Fax: (310) 277-7444
   E-Mail: rgutierrez@lpsla.com
4
   Attorneys for Defendant
5  ZUMOBI, INC.

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                              **WESTERN DIVISION**

11

12 ENGAGE:BDR, LLC, a California              **CASE NO. 2:17-cv-06064-PA (AFMx)**
   limited liability company,
13                                             **ANSWER BY DEFENDANT**
                  Plaintiffs,                  **ZUMOBI, INC. TO PLAINTIFF'S**
14                                             **SECOND AMENDED COMPLAINT**
   v.
15
   ZUMOBI, INC., a Delaware corporation,
16
                  Defendants.
17                                             **Complaint Filed:** August 15, 2017
                                               **First Amended**
18                                             **Complaint Filed:** August 29, 2017
                                               **Second Amended**
19                                             **Complaint Filed:** November 2, 2017

20

21

22

23

24

25

26

27

28

Defendant Zumobi, Inc. ("Defendant") hereby responds to the Second Amended Complaint of Plaintiff Engage:BDR, LLC as follows:

### Parties

1. Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 1.

2. Defendant admits each allegation contained in Paragraph 2.

### Jurisdiction

3. Defendant admits that Plaintiff purports to allege jurisdiction under 28 U.S.C. § 1332, but denies for lack of sufficient knowledge or information each allegation contained in Paragraphs 3A), 3B), 3C), 3D), 3E) and 3F).

4. Defendant admits each allegation contained in Paragraph 4.

5. Defendant admits that Plaintiff purports to allege jurisdiction under 28 U.S.C. § 1332.

### Venue

6. Defendant admits that Plaintiff purports to allege venue under 28 U.S.C. § 1391(b).

### Statement of Facts

7. Answering Paragraph 7, Defendant admits that the Second Amended Complaint refers to Plaintiff as "Media Company."

8. Answering Paragraph 8, Defendant admits that the Second Amended Complaint refers to Defendant as "Advertiser" or "Agency."

9. Answering Paragraph 9, Defendant admits that Plaintiff and Defendant signed an Insertion Order, a copy of which is attached to the Second Amended Complaint as Exhibit B.

10. Answering Paragraph 10, Defendant admits that attached to Plaintiff's Second Amended Complaint as Exhibit C is a document entitled Standard Terms and Conditions For Internet Advertising For Media Buys One Year Or Less, but denies that Exhibit B states that it is incorporated in the Insertion Order by reference.

11. Defendant admits each allegation contained in the first sentence of Paragraph 11. Defendant denies each allegation contained in the second sentence of Paragraph 11.

12. Defendant denies each allegation contained in Paragraph 12.

13. Defendant denies each allegation contained in Paragraph 13.

14. Defendant denies each allegation contained in Paragraph 14.

15. Defendant denies each allegation contained in Paragraph 15.

16. Defendant denies each allegation contained in the first sentence of Paragraph 16. Defendant admits each allegation contained in the second sentence of Paragraph 16.

17. Defendant admits each allegation contained in Paragraph 17 and denies that it owes Plaintiff the sum of $356,740.99.

18. Defendant admits that it has not paid Plaintiff the sum of $356,740.99 and denies that it owes said sum to Plaintiff, plus interest thereon and court costs.

## Count I

### Breach of Contract

19. Answering Paragraph 19, Defendant realleges and incorporates by this reference each admission, allegation and denial made herein with respect to Paragraphs 1 through 18, inclusive, of the Second Amended Complaint.

20. Defendant denies each allegation contained in Paragraph 20.

21. Defendant denies each allegation contained in Paragraph 21.

22. Defendant denies each allegation contained in Paragraph 22.

23. Defendant denies each allegation contained in Paragraph 23.

24. Defendant denies each allegation contained in Paragraph 24, and denies that it owes the sum of $356,740.99 to Plaintiff.

25. Defendant admits each allegation contained in Paragraph 25.

26. Answering Paragraph 26, Defendant denies that it owes Plaintiff the sum of $356,740.99, and admits that it has not paid said sum to Plaintiff.

27. Answering Paragraph 27, Defendant denies that it owes Plaintiff the sum of $356,740.99, and admits that it has not paid said sum to Plaintiff.

28. Defendant denies each allegation contained in Paragraph 28.

29. Defendant denies each allegation contained in Paragraph 29, and denies that it has breached the alleged contract.

## Count II

### Unjust Enrichment

30. Answering Paragraph 30, Defendant realleges and incorporates by this reference each admission, allegation and denial made herein with respect to Paragraphs 1 through 18, and Paragraphs 20 through 29, inclusive, of the Second Amended Complaint.

31. Defendant denies each allegation contained in Paragraph 31, and denies that it engaged in wrongful acts.

32. Defendant denies each allegation contained in Paragraph 32, and denies that Defendant was unjustly enriched.

33. Defendant denies each allegation contained in Paragraph 33.

34. Defendant denies each allegation contained in Paragraph 34.

35. Defendant denies each allegation contained in Paragraph 35, and denies that Defendant was unjustly enriched.

36. Defendant denies each allegation contained in Paragraph 36, and denies that Defendant was unjustly enriched.

## Count III

### Quantum Meruit

37. Answering Paragraph 37, Defendant realleges and incorporates by this reference each admission, allegation and denial made herein with respect to Paragraphs 1 through 18, Paragraphs 20 through 29, and Paragraphs 31 through 36, inclusive, of the Second Amended Complaint.

38. Defendant admits each allegation contained in Paragraph 38, but denies

that Plaintiff fulfilled its obligations under the alleged contract.

39. Defendant denies each allegation contained in Paragraph 39.

40. Defendant denies each allegation contained in Paragraph 40.

41. Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 41, and denies that Defendant agreed to pay Plaintiff if Plaintiff failed to fulfill its obligations under the alleged contract.

42. Answering Paragraph 42, Defendant denies that it owes Plaintiff the sum of $356,740.99, and admits that it has not paid said sum to Plaintiff.

43. Defendant denies each allegation contained in Paragraph 43.

44. Defendant denies each allegation contained in Paragraph 44.

## AFFIRMATIVE DEFENSES

Defendant sets forth the following affirmative defenses without admitting that it has the burden of presentation or of proof with regard to these matters.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

44. The Second Amended Complaint fails to state a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Failure of Consideration)

45. Plaintiff is barred from claiming or recovering any relief against Defendant on the Second Amended Complaint on the grounds of failure of consideration.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

46. Plaintiff's claims against Defendant are barred in whole or in part because Plaintiff has unclean hands.

///

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

47.     Plaintiff is barred from claiming or recovering any relief against Defendant on the Second Amended Complaint because Plaintiff failed to exercise reasonable care and diligence to mitigate any alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

48.     Plaintiff's claims against Defendant are barred in whole or in part by the doctrines of waiver and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Set Off)**

49.     To the extent that Defendant may become liable to Plaintiff by virtue of the Second Amended Complaint herein, which liability is specifically and generally denied, Defendant is entitled to a set-off against Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Prevention of Performance)**

50.     Plaintiff is barred from claiming or recovering any relief against Defendant on the Second Amended Complaint on the grounds that Plaintiff prevented Defendant from performing certain duties or obligations set forth in the contract.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Third Party Causation)**

51.     Plaintiff's claims against Defendant are barred in whole or in part because the harm allegedly suffered by Plaintiff, if any, was caused by factors, persons, or entities other than Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(Breach by Plaintiff)**

52.     Plaintiff is barred from claiming or recovering any relief against Defendant on the Second Amended Complaint on the grounds that Plaintiff breached

the contract with Defendant and, by reason of that breach, Defendant has been excused from performing any duties or obligations set forth in the contract.

**TENTH AFFIRMATIVE DEFENSE**

**(Conditions Precedent, Conditions Concurrent and Conditions Subsequent)**

53. Plaintiff's claims against Defendant are barred in whole or in part on the grounds that performance was excused by reason of the failure of conditions precedent, conditions concurrent and conditions subsequent.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Impossible/Impracticable)**

54. Defendant was excused from performing obligations alleged in the Second Amended Complaint because Plaintiff's acts and omissions rendered Defendant's performance impossible or impracticable.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Frustration of Purpose)**

55. Plaintiff's claims against Defendant are barred in whole or in part on the grounds that Defendant's performance was frustrated by conditions beyond Defendant's control.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Reservation)**

56. Defendant reserves the right to assert any additional affirmative defenses that may become apparent during the course of the litigation.

WHEREFORE, Defendant prays for relief as follows:

(1) That the Second Amended Complaint be dismissed with prejudice, and that Plaintiff take nothing from Defendant herein;

(2) That Defendant be awarded its costs of suit incurred in defense of this action;

///

(3) For such other and further relief as the Court may deem just and proper.

DATED: November 15, 2017

    /s/ Robert S. Gutierrez
ROBERT S. GUTIERREZ
LEOPOLD, PETRICH & SMITH, P.C.
Attorneys for Defendant
ZUMOBI, INC.